UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ERIK ROSVOLD,

        Plaintiff,

                              Case number 04-75009
v.                            Honorable Julian Abele Cook, Jr.

L.S.M. SYSTEMS ENGINEERING, INC.,
a Domestic Profit Corporation,

        Defendant.

<u>ORDER</u>

On July 31, 2006, the Plaintiff, Erik Rosvold ("Rosvold"), filed a motion, in which he seeks to obtain authority to amend his Complaint against the Defendant, L.S.M. Systems Engineering, Inc. In submitting this motion, he asserts that his proposed amendment will consist primarily of (1) "pleading the claims with additional specificity and detail overall particularly regarding oppression," and (2) allegations that an oral modification had been made by the parties to the written contract which provided for the repurchase of his shares.

I.

According to the Federal Rules of Civil Procedure, authority to permit a party to amend his pleading is within the discretion of the trial court. Fed. R. Civ. P. 15(a).[1] *Zenith Radio Corp.*

---

[1] Fed. R. Civ. P. 15(a) states:
"A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, the party may so amend it at any time within 20 days after it is served. Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when

1

*v. Hazeltine Research*, 401 U.S. 321, 330 (1971). In 1971, the Supreme Court opined that an outright refusal to grant a leave to amend without any justifiable basis would constitute an abuse of discretion. *Foman v. Davis,* 371 U.S. 178, 182 (1971). As a consequence and in the absence of any apparent or declared reason - such as an undue delay, demonstration of bad faith, evidence of some dilatory motive by the movant, the repeated failure to cure deficiencies with previously allowed amendments to the pleadings, the imposition of undue prejudice to the opposing party if the proposed amendment is authorized, or the futility of the suggested modification, etc. - the requested leave should be "freely given." *Id.*

A delay, which is not designed to harass or prejudice the opposing party, does not constitute a sufficient reason to deny an amendment. *Thefft v. Seward,* 689 F.2d 637, 641 (6th Cir. 1982). Typically, trial courts are advised to weigh the cause for a delay against the prejudice that has been or is likely to be sustained by the opposing party. *Ed v. Timken Roller Bearing Co.,* 486 F.2d 870, 873 (6th Cir. 1973). In denying a motion to amend, a court is urged to determine if there exists "at least some significant showing of prejudice to the opponent." *Moore v. City of Paducah*, 790 F.2d 557, 562 (6th Cir. 1986). However, unless the proposed changes are deemed to be frivolous or legally insufficient, Rule 15(a) permits amendments of pleadings in order to allow a party to assert issues that were overlooked or undisclosed at the time of the original complaint. *Iron Workers' Local No. 25 Pension Fund v. Klassic Services, Inc.,* 913 F.Supp. 541, 543 (E.D. Mich. 1996).

---

justice so requires. . . ."

II.

Rosvold contends that LSM will not be prejudiced by his proposed amendment because this Defendant will not be required to initiate any additional discovery efforts, inasmuch as these new claims are already incorporated in the original Complaint. He also attributes his failure to proffer this motion in a more timely manner to LSM's failure to provide him with requested discovery material in a timely fashion. Moreover, he asserts that these projected claims are based upon newly discovered information and will add specificity and particularity to his earlier claims.

LSM opposes this motion, arguing that Rosvold's motion to amend was filed extremely late in this litigation process, noting that the original Complaint was removed from a state court to this federal court on December 23, 2004. More importantly, LSM maintains that Rosvold has been extremely dilatory in handling discovery issues, and, as such, he should not be given an opportunity at this late stage of this lawsuit to modify his original Complaint which, in turn, will prolong the final adjudication of this case.

III.

This Court, following its review of the official record, concludes that Rosvold is merely expounding upon claims asserted in his original Complaint. There is also a legitimate question as to whether Rosvold's claimed discovery of new material could have been or should have been uncovered at an earlier time. In essence, the Court believes that Rosvold, through his motion, is attempting to embellish upon the claims that have already been articulated in the original Complaint. Moreover, it appears that LSM will be prejudiced if this motion is granted because it will unnecessarily extend the discovery process of this lawsuit and will produce an unjustified

expansion of costs. Furthermore, it is clear to this Court that Rosvold is not merely attempting to correct any deficiencies within the Complaint but is ostensibly seeking to provide clarity and detail to the allegations that have already been asserted in the Complaint. In summary, Rosvold's attempt to modify his Complaint at this stage of this lawsuit is neither necessary nor timely. Accordingly, Rosvold's motion must be, and is, denied.

    IT IS SO ORDERED.

Dated: November 7, 2006            s/ Julian Abele Cook, Jr.
       Detroit, Michigan            JULIAN ABELE COOK, JR.
                                           United States District Court Judge

Certificate of Service

    I hereby certify that on November 7, 2006, I electronically filed the foregoing with the Clerk of the Court using the ECF system, and I further certify that I mailed a copy to the non-ECF participant(s).

                                                         s/ Kay Alford
                                                         Courtroom Deputy Clerk