UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ERIK ROSVOLD,

        Plaintiff/Counter Defendant,

                                                              Case number 04-75009
v.                                                           Honorable Julian Abele Cook, Jr.

L.S.M. SYSTEMS ENGINEERING, INC.,
a Domestic Profit Corporation,

        Defendant/Counter- Plaintiff.

ORDER

On February 20, 2007, the Plaintiff-Counter Defendant, Erik Rosvold ("Rosvold"), filed a pleading, in which he sought authority from the Court to file an amended response to the Defendant-Counter-Plaintiff's, L.S.M. Systems Engineering, Inc. ("LSM"), motion for summary judgment. Specifically, Rosvold asserts that he detrimentally relied upon the assurances of LSM in its request to delay the dispositive motion deadline. Accordingly, Rosvold is presently seeking to file an amendment in order to modify and polish his already submitted response to LSM's motion for summary judgment. LSM opposes Rosvold's request for relief, and asks the Court for an enlargement of the present Scheduling Order for a period of ninety (90) days in order to accommodate a Reply Brief and oral argument if Rosvold's motion is granted.[1]

---

[1] A hearing on LSM's motion for summary judgment is presently scheduled for April 3, 2007, and a trial date is set for May 8, 2007.

1

I.

In this motion, Rosvold submits that on January 19, 2007, he engaged in a discussion with LSM regarding expert dates and possibly seeking a delay of the dispositive motion deadline until March 31, 2007.[2] LSM submits that in January, 2007, Rosvold agreed to remove his Motion to Compel from the record . In exchange, LSM agreed to provide Rosvold with an Affidavit of Steven Lowe, Jr., listing only his convictions for felonies and misdemeanors. Subsequently, on January 26, 2007, Rosvold received a letter from LSM which contained a proposed Stipulation and Order ("Stipulation"). However, during the time the Stipulation was received by Rosvold, his counsel was away on vacation. Nevertheless, the Stipulation was consistent with the agreement between the parties.

On February 6, 2007, Rosvold contacted LSM and advised him of his intention to make minor changes to the Stipulation, including LSM's withdrawal of its motion for summary judgment until March 31, 2007. LSM agreed with Rosvold's request. However, on February 8, 2007, LSM informed Rosvold that it needed to make a few changes to the Stipulation.[3] According to LSM, Rosvold added additional requirements to the Stipulation that were not agreed upon by the parties.[4] LSM maintains that this demand delayed progress on the Stipulation. However, while awaiting LSM's response, Rosvold proceeded to prepare a response to LSM's motion for summary judgment

---

[2] The dispositive motion deadline was February 12, 2007.

[3] It is Rosvold's position that it was a deliberate act on LSM's part to avoid him from seeking a delay in order for him to miss the requisite despositive motion deadline.

[4] Specifically, LSM proffers that Rosvold sought to include language in the Stipulation which pertained to a request of an affidavit from Steven Lowe, Jr. which contained his arrests and dispositions, even if they were expunged.

given that the Court's deadline was rapidly approaching.[5] However, it is Rosvold's position that his motion would be stronger if allotted additional time.[6] LSM asserts that Rosvold failed to contact its counsel as required by Local Rule 7.1(a)[7] regarding its request from the Court of additional time. In opposing Rosvold's request, LSM submits that Rosvold had approximately a year in which to respond because the motion for summary judgment was filed a year prior. Given that Rosvold is familiar with the particularities of the case, LSM argues that no additional time is required in this cause.

II.

It is evident that Rosvold failed to comply with Local Rule 7.1(a) before resorting to a resolution before this Court. However, despite the error, Rosvold's request for relief is not warranted. Rosvold does not proffer that he was never given an opportunity to respond. Instead, he contends that the amount provided was not sufficient. Although Rosvold may have detrimentally relied upon the assertions of LSM in responding to the motion for summary judgment, Rosvold was provided ample time in which to respond. The dates on the Scheduling Order were agreed upon by both parties. Unless the Court directed otherwise, it behooved Rosvold

---

[5] Rosvold failed to remove his Motion to Compel and LSM subsequently responded to the pleading.

[6] Rosvold contends that there has been a history of discovery abuse by LSM. Specifically, Rosvold proffers that LSM has been previously sanctioned on two occasions. LSM denies all allegations of intentional misconduct. Instead, LSM blames Rosvold for filing baseless motion and making false accusations.

[7] Local Rule 7.1(a) reads as follows:

(1) The movant must ascertain whether the contemplated motion, or request under the Federal Rule of Civil Procedure 6(b)(1), will be opposed...

to operate under the terms of the Scheduling Order in effect at the time. Oral arguments on the motion are presently scheduled for April 3, 2007. Rosvold can amend his response and provide a more refined argument at that time. Accordingly, Rosvold's motion must be, and is, denied.

IT IS SO ORDERED.

Dated: March 15, 2007            s/ Julian Abele Cook, Jr.
      Detroit, Michigan            JULIAN ABELE COOK, JR.
                                         United States District Court Judge

Certificate of Service

I hereby certify that on March 15, 2007, I electronically filed the foregoing with the Clerk of the Court using the ECF system, and I further certify that I mailed a copy to the non-ECF participant(s).

                                              s/ Kay Alford
                                              Courtroom Deputy Clerk