UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ERIK ROSVOLD,

        Plaintiff/ Counter-Defendant,

v.

        Case No. 04-75009

L.S.M. SYSTEMS ENGINEERING, INC.,     Honorable Julian Abele Cook, Jr.

        Defendant/ Counter-Claimant.

## ORDER

The parties in this case have filed fifteen motions in limine. The Court will now examine the merit, if any, of the first five of these motions, all of which have been fully briefed by the Plaintiff and Counter-Defendant, Erik Rosvold ("Rosvold"), and the Defendant and Counter-Plaintiff, L.S.M. Systems Engineering, Inc. ("LSM").[1]

**I.**    <u>Rosvold's Motion in Limine Regarding LSM's Alleged Discovery Abuse</u> [Docket 120/125]

In this motion, Rosvold claims that LSM was not cooperative in providing him with documents that had been requested during the discovery process. He supports this claim by pointing to two instances in which the Court sanctioned LSM on June 1st and November 3rd in 2006 because of its failure to comply with appropriate discovery requests. Contending that LSM continues to deny him additional documents that he needs in this litigation, Rosvold asks the Court

---

[1] Rosvold filed two motions in limine on March 14, 2007 and September 11, 2007, respectively. LSM filed two of its motions in limine on August 15, 2007 and a third motion on August 29, 2007.

to preclude LSM from (1) introducing any documents into evidence other than those which have been "Bates" stamped and furnished by LSM (i.e.,"Bates" Stamped Nos. 00001-00073, 200001-2000348, 300001-300078 and 0400001-0400044); (2) giving its experts any documents other than those which have been furnished to him, as the Plaintiff in this lawsuit; and (3) attacking any of the assumptions that have been made by his (i.e., Rosvold) expert witnesses who may not have had an adequate amount of accounting data/information because of its (i.e., LSM) failure to furnish the requested documents.

LSM opposes this motion, arguing that two of Rosvold's three applications for relief (namely, requests 1 and 3, above) are overly-broad and would have the practical and unjustified effect of barring rebuttal evidence. The Court agrees with LSM on this point, noting that Rosvold has not supported these arguments with any identifiable or applicable law or rule. Hence, Rosvold's requests 1 and 3 are denied.

With regard to his request 2, Rosvold claims - and LSM does not deny - that it would be a violation of "Rule 26 of the Federal Rules of Civil Procedure to permit [LSM] to introduce or provide any documents to their own experts that have not been furnished to [Rosvold]." Fed. R. Civ. P. 26(a)(2)(B) states, *inter alia*, that all expert witnesses' reports "shall contain a complete statement of all opinions to be expressed and the basis and reasons therefor; the data or other information considered by the witness in forming the opinions; [and] any exhibits to be used as a summary of or support for the opinions. . . ." Therefore, the Court grants Rosvold's request to preclude LSM from giving its experts any documents other than those which have been furnished to him as the Plaintiff in this lawsuit.

II. <u>LSM's Motion in Limine to Exclude the Expert Testimony of Jeffrey R. Dalton</u> [Docket 132/137]

LSM asks the Court to bar Rosvold from using the expert testimony of Jeffrey R. Dalton

as evidence because, it asserts, a copyright owner may only recover "actual damages" under the Copyright Act, 17 U.S.C. § 504(b) (2004). LSM also claims that his testimony, if permitted to be presented, would amount to "mere guess or speculation," which, in turn, should be excluded.

Rosvold takes issue with this argument by LSM, asserting that his intended use of Jeffrey R. Dalton as an expert witness is to assist the jury in its assessment of the value of his (Rosvold) work in writing RaceCAM which is, in his judgment, "different than a claim under the Copyright act [*sic*]." Rosvold, in noting that he has a breach of contract claim against LSM, submits that Dalton's analysis would enable the triers of the facts to assess the appropriate compensation that a "typical programmer of Erik Rosvold's high level of skill should have earned back in 1995 and 1996 when the bulk of RaceCAM was written."

While LSM has correctly cited 17 U.S.C. § 504(b) when asserting that a copyright owner may recover his "actual damages" which stem from a violation of the Copyright Act, this argument does not directly address Rosvold's breach of contract claim. Rosvold also asserts that the projected analysis by his expert is based on an industry standard which has been utilized by the federal government and others when attempting to determine the value and time effort of writing a complex code. Therefore, the Court accepts Rosvold's argument and thereby concludes that LSM's motion to exclude Jeffrey R. Dalton's expert testimony must be, and is, denied.

III.   <u>LSM's Motion in Limine to Exclude the Expert Testimony of James A. Johnson</u> [Docket 133/135]

In its motion to exclude the testimony of James A. Johnson, LSM claims that (1) his projected valuation of Rosvold's undisputed six percent corporate interest "fails to meet even the most basic valuation requirements" and, moreover, (2) he does not qualify as an expert under the basic standards of Fed. R. Civ. P. 702. Rosvold takes issue with this argument, submitting that (1) Johnson "goes at great lengths discussing the various valuation methods as well as the reasons for

using the one he selected" and (2) he "has a very credible background in business."

In 1993, the Supreme Court declared that "the Rules of Evidence -- especially Rule 702 -- do assign to the trial judge the task of ensuring that an expert's testimony both rests on a reliable foundation and is relevant to the task at hand." *Daubert v. Merrell Dow Pharms.*, 509 U.S. 579, 597 (U.S. 1993). According to Fed. R. Civ. P. 702:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

After reviewing the record in this cause, the Court concurs with the LSM's argument as it relates to Johnson's qualifications. More specifically, the Court does not believe that he possesses the requisite knowledge, skill, experience, training, or education to opine or testify about such matters as an valuation of Rosvold's six percent share in LSM. Other than his personal experience of "acquiring several companies" and having earned his a master's degree from the Wharton School of Business at the University of Pennsylvania in 1978, Johnson's resume fails to incorporate any professional experience in valuation analysis. Furthermore, Rosvold has failed to provide the Court with evidence of Johnson's enrollment or active participation in any of the recognized organizations or institutions that establish the standards or rules to which their members must adhere when preparing a business valuation. While not dispositive, Johnson acknowledges in his report that (1) his assigned task in this case is the first time wherein he has been asked to provide testimony in a lawsuit, and (2) he has not written any articles or books relating to this now-challenged subject matter. Finally and despite arguments to the contrary by Rosvold, the methodology of Johnson's valuation in his report is not clear. For these reasons, the Court is not

convinced that the testimony of this proposed expert witness will be "the product of reliable principles and methods," as required by the Federal Rules of Evidence. Hence, LSM's motion to exclude the expert testimony of James A. Johnson is granted.

IV.  LSM's Motion to Require Rosvold to Supplement Expert Reports [Docket 136/144]

Here, LSM asks the Court to prevent Rosvold from utilizing the proposed expert testimonies of Alan Reinstein, James A. Johnson, and Jeffrey R. Dalton because of his failure to comply with Fed. R. Civ. P. 26(a)(2)(B). As an alternative form of relief, LSM requests that Rosvold be required to provide it with a set of expert reports that will faithfully conform to Fed. R. Civ. P. 26(a)(2)(B), which reads as follows:

> Except as otherwise stipulated or directed by the court, this disclosure shall, with respect to a witness who is retained or specially employed to provide expert testimony in the case or whose duties as an employee of the party regularly involve giving expert testimony, be accompanied by a written report prepared and signed by the witness. The report shall contain a complete statement of all opinions to be expressed and the basis and reasons therefor; the data or other information considered by the witness in forming the opinions; any exhibits to be used as a summary of or support for the opinions; the qualifications of the witness, including a list of all publications authored by the witness within the preceding ten years; the compensation to be paid for the study and testimony; and a listing of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years.

The Court will deny LSM's motion as it relates to the projected expert testimony of James A. Johnson for reasons of mootness. (*See* Section III, above).

Turning to the involvement of Alan Reinstein in this litigation, LSM claims that his report does not sufficiently describe the data or any other information upon which he based or formed his opinions. This assertion is without merit because an even cursory examination of Reinstein's report suggests otherwise.

LSM also asserts that Reinstein has failed to include a list of all of the publications which had been authored by him within the preceding ten years. In his response to this motion, Rosvold maintains that he provided LSM with a copy of Reinstein's curriculum vitae, consisting of eighty one pages ("Exhibit A"), on May 17, 2006. In the absence of evidence to the contrary, the Court believes that this action fully satisfies the requirements of Fed. R.Civ.P. 26(a)(2)(B) which speak to an expert witness' publications. Finally, Rosvold complains that Reinstein's report does not give an adequate amount of detail regarding Reinstein's compensation. This complaint has no merit, inasmuch because Reinstein's report does include detailed information regarding his compensation.

Finally, it is LSM's position that Rosvold's proposal to proffer Jeffrey Dalton as an expert witness must be rejected for several reasons; namely, (1) he does not possess the requisite qualifications to serve as a witness who should be authorized to opine on issues in this litigation, (2) did not attach a curriculum vitae or a professional resume to his report, (3) supplied only a cursory review of his work experience, (4) did not sign his report, and (5) failed to disclose any material information relating to his past and future compensation for matters relating to this lawsuit.

Rosvold, while conceding the validity of these arguments, insists that these complaints have now been addressed and fully satisfied because fully documented copies have now been furnished to LSM. As an additional note, Rosvold also states that he provided LSM with the curriculum vitae of Dalton on May 17, 2006. Accepting Rosvold's representations at their face value and in the absence of a challenge to the accuracy of any of these assertions by LSM, the Court concludes that the requirements of the standards of Fed. R. Civ. P. 26(a)(2)(B) have now been satisfied..

For the reasons that have been mentioned above, the Court denies LSM's motion in limine and will not require Rosvold to supplement its expert reports pursuant to Fed. R. Civ. P.

26(a)(2)(B). Finally, Rosvold's request for the imposition of sanctions against LSM will be denied because its motions were not, as a whole, frivolous.

V.      Rosvold's Motion and Brief in Limine to Exclude LSM' s Experts, etc.  [Docket 142/147]

Rosvold, citing alleged continuing discovery violations by LSM, requests that the Court "enter a default judgment, or exclude [this Defendant's] experts and enter an order prohibiting [them] from relying on documents or other information that has not been produced to [him] to date." LSM denies that it has violated discovery rules, and maintains that it has produced all of the requested documents in its custody.

The Court, having reviewed both parties' positions regarding alleged discovery violations, notes that most of these issues have been previously addressed and resolved by Magistrate Judge Whalen.[2] Moreover, none of these claimed discovery violations rise to the level of sanctionable conduct. Hence, Rosvold's motion must be, and is, denied.

IT IS SO ORDERED.

Dated: November 6, 2007                    s/ Julian Abele Cook, Jr.
       Detroit, Michigan                   JULIAN ABELE COOK, JR.
                                           United States District Court Judge

Certificate of Service

---

[2] See, for example, Docket #23, 46, and 90.

I hereby certify that on November 6, 2007, I electronically filed the foregoing with the Clerk of the Court using the ECF system, and I further certify that I mailed a copy to the non-ECF participant(s).

          s/ Kay Alford
          Courtroom Deputy Clerk